UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DAVID MCGIBBON, JR.,

                        Plaintiff,

         -against-

Sergeant KARL LEUDESDORFF, Shield No. 3323; Detective ALEXANDER KALOGIROS, Shield No. 4913; Police Officer BRIAN DAVIS, Shield No. 22022; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff David McGibbon, Jr. ("plaintiff" or "Mr. McGibbon") is a resident of Queens County in the City and State of New York.

7. Defendant Sergeant Karl Leudesdorff, Shield No. 3323, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Leudesdorff is sued in his individual and official capacities.

8. Defendant, Detective Alexander Kalogiros, Shield No. 4913, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kalogiros is sued in his individual and official capacities.

9. Defendant, Police Officer Brian Davis, Shield No. 22022, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Davis is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 3:30 a.m. on July 11, 2010, Mr. McGibbon was lawfully operating his vehicle in the vicinity of 150-21 116th Avenue in Queens, New York.

14. Without probable cause or reasonable suspicion to believe he had committed any crime or offense and, with guns drawn, defendants ordered Mr. McGibbon out of the vehicle.

15. Mr. McGibbon complied with the defendants' commands.

16. Notwithstanding that Mr. McGibbon had violated no law, defendants demanded his identification.

17. Plaintiff ultimately produced his identification that showed he was employed as a Correction Officer for the New York City Department of Correction (DOC).

18. Defendants illegally searched Mr. McGibbon and his car. No contraband was recovered.

19. Plaintiff was handcuffed from behind excessively tightly.

-3-

20. While handcuffed, defendant Kalogiros aggressively approached Mr. McGibbon and sucker-punched plaintiff squarely in his face.

21. Defendants further assaulted and battered plaintiff.

22. Mr. McGibbon was eventually taken to the 113th Precinct.

23. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit various crimes, including reckless endangerment, a felony, and resisting arrest. Defendants prepared false paperwork to that effect including an arrest report.

24. At no point did the officers observe plaintiff commit any crime, including those of reckless endangerment or resisting arrest.

25. Mr. McGibbon was taken to Queens Central Booking.

26. Mr. McGibbon was arraigned in Queens County Criminal Court where he was released on his own recognizance.

27. After appearing in criminal court on multiple occasions, a grand jury was convened on or about February 18, 2011, at which Mr. McGibbon testified.

28. On or about February 23, 2011, the grand jury voted no true bill and all charges against Mr. McGibbon were dismissed.

29. As a result of the felony arrest, Mr. McGibbon was suspended from DOC for approximately two months.

30. Mr. McGibbon was eventually permitted to return to DOC on "limited duty" status only.

31. Upon information and belief, following a psychiatric examination required by DOC, which plaintiff passed, Mr. McGibbon was reinstated to "full duty" in or about February 2011.

32. Upon information and belief, employment-related administrative proceedings within DOC are ongoing in connection with Mr. McGibbon's felony arrest.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of income and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-5-

## SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there
-6-

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

-7-

49. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 21, 2013
         New York, New York

>                                HARVIS WRIGHT
>                                SALEEM & FETT LLP
>
>                                _____
>                                Baree N. Fett
>                                305 Broadway, 14th Floor
>                                New York, New York 10007
>                                (212) 323-6880
>                                bfett@hwsflegal.com
>
>                                *Attorney for plaintiff*